# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Khalafala Moham Khalafala,**<br>Plaintiff<br>-vs-<br>**Unknown Parties, et al.,**<br>Defendants | CV-10-0986-PHX-ROS (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**re Dismissal of Unserved Parties** |

Plaintiff has failed to complete service on Defendant Unknown ICE Official. For the following reasons, the undersigned will recommend dismissal of this Defendant.

**Background** - Plaintiff commenced this action by filing his original Complaint (Doc. 1) on May 5, 2010. Service on a single defendant, Fender, was ordered on June 2, 2010. Service on the unknown defendants was deferred until Plaintiff could provide an identity. (Doc. 5.)

On June 21, 2010, Plaintiff filed a Motion for Subpoenas (Doc. 6) seeking a subpoena directed to Immigration and Customs Enforcement to identify Defendant Unknown ICE Official. The motion was denied without prejudice based on the early stage of the proceeding and impropriety of such third party discovery in the absence of "any indication by Plaintiff that he has requested this information directly from ICE, and without any indication that Defendant Fender will be unable to provide the information through normal discovery." (Order 6/24/10, Doc. 7.)

While service was proceeding, Plaintiff moved to amend, and on September 3, 2010, Plaintiff's First Amended Complaint was filed (Doc. 13). The service Order (Doc. 12) directed service on Defendants Real, Garfras, Fender, Mayo, Pounce, Kains, and Johnson. The complaint was found to state a claim against Defendant Unknown ICE Official for

discrimination against Plaintiff in ordering his transfer to the Pinal County Jail, but service on this defendant was deferred pending an amendment to name the defendant. A Scheduling Order was filed on October 22, 2010 (Doc. 19), and the matter proceeded apace.

On December 30, 2010, Plaintiff moved for an extension of time to serve Defendant Unknown ICE Official (Doc. 35). On January 5, 2011, Defendants moved to consolidate this action with a number of others filed by Plaintiff, or alternatively to sever out certain defendants (Doc. 39). A Report and Recommendation (CV-10-0984-PHX-ROS-JRI, Doc. 48) was issued February 8, 2011 recommending denial of the motions to consolidate/sever. On March 11, 2011, the Court stayed discovery and disclosure, pending a resolution of the motion to consolidate/sever, and denied a number of pending motions without prejudice, including Plaintiff's motion to extend the time to serve Defendant Unknown ICE Official. (Order 3/11/11, Doc. 46.)

The Report & Recommendation was adopted on May 12, 2011 (Doc. 48). On May 20, 2011, the Court issued a new Scheduling Order (Doc. 49), setting a deadline for amended pleadings of June 9, 2011.

On July 5, 2011, Plaintiff filed a motion seeking leave to file a Second Amended Complaint (Doc. 51), seeking to substitute "Patricia Carson, Immigration Enforcement Agent" for Defendant Unknown ICE Official, as well as adding additional claims. On July 12, 2011, the Court denied (Doc. 53) that motion , finding that it was filed after the deadline for motions to amend, without justification. As to the amendment to name Defendant Unknown ICE Official, the Court observed:

> Plaintiff argues the time to amend to name Defendant Unknown ICE Officials should be extended due to the hampering of his efforts to discover the identity of this defendant. Discovery was available to Plaintiff from October 22, 2010 through March 11, 2011, when discovery was stayed. Discovery has been available again to Plaintiff since May 18, 2011. No discovery requests have been filed in that time. Thus, it appears that Plaintiff had ample opportunity to identify, name, and seek service on this defendant.

(Order 7/18/11, Doc. 53 at 3.) Accordingly, Plaintiff was ordered to show cause why Defendant Unknown ICE Official should not be dismissed.

1 | Plaintiff has not objected to the order denying his motion to amend, and the time to
2 | do so has now passed.

**Response to OSC** - On August 2, 2011, Plaintiff filed his Memorandum (Doc. 54) in response to the OSC. In this terse memorandum, Plaintiff argues that Defendant Unknown ICE Official should not be dismissed because he has been diligent in attempting to identify and serve this defendant. To demonstrate his diligence, Plaintiff points to his June 21, 2010 Motion for Subpoenas (Doc. 6), and his ensuing requests to ICE, which went unheeded. Plaintiff argues that the other Defendants were employed by the Pinal County Sheriff, and thus were not a source for information on ICE officials.

Defendants have not replied to the response.

**Analysis** - The undersigned finds Plaintiff's arguments unpersuasive for the following reasons.

First, the time to amend and name new defendants has passed. (*See* Order 7/18/11, Doc. 53.) Plaintiff did not timely seek an extension of time to name this unknown defendant, and has not timely objected to the denial of his motion to amend. *See* Fed. R. Civ. P. 72(a) (14 days to object).

Second, Plaintiff's claims of diligence are unsupported. While Plaintiff did seek third party discovery over a year ago, to obtain this defendant's identity, he did not renew that request after making requests from ICE, nor did he seek reconsideration or renew his argument based upon the futility of seeking discovery from the other Defendants.

Third, while the Pinal County employee defendants may not have had access to ICE records, Defendants Real and Garfras are identified by Plaintiff as employees at the Florence Detention Center. Plaintiff does not offer anything to show that these Defendants would not have access to Plaintiff's transfer records. Nor does Plaintiff explain the actual source of his identification of Defendant Unknown ICE Official, nor demonstrate that it was not available sooner through the exercise of diligence.

Fourth, despite the intervening stay of discovery, Plaintiff had more than adequate time to pursue his discovery options. He had four and a half months prior to the stay of

discovery, and sixty days after termination of the stay prior to his recent motion to amend. Plaintiff does not now, nor did he in his Motion to Amend (Doc. 51) offer any evidence of specific efforts to identify this defendant, nor attempt to demonstrate how the stay hampered those efforts. Rather, Plaintiff simply offers up a 70 day stay of discovery, in the midst of a nine month discovery period, as a panacea for his delay.

Fifth, Plaintiff has not timely sought an extension of time to effect service. Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later." Plaintiff's First Amended Complaint was filed on September 3, 2010 (Doc. 13). The Court's Service Order (Doc. 12) was entered on the same date.

Under the foregoing rules, service in this matter should have been completed by January 3, 2011. Service on Defendant Unknown ICE Official has not been completed, nor has Plaintiff, despite having opportunities to do so, shown good cause for his failure to effect timely service.

While Plaintiff filed a motion to extend time for service on December 30, 2010, that motion was denied without prejudice on March 11, 2011 (Doc. 46), and was not timely renewed. Indeed, Plaintiff took no action to pursue an amendment to name or serve this Defendant until his delinquent July 5, 2011 motion to amend (Doc. 51).

In sum, Plaintiff seeks an extension of time to serve an unnamed defendant, after the expiration of the deadline for amendments, long after the expiration of the time to effect service, after a denial of his motion to amend, and only after an order to show cause. Plaintiff has failed to show good cause for his delay.

Notwithstanding Rule 4(m), where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3rd Cir. 1995). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).

To determine whether a plaintiff demonstrates excusable neglect, courts use the test set forth in *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 394 (1993), and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997). *See Lemoge*, 587 F.3d at 1198 (holding that plaintiff had established excusable neglect for the purposes of Rule 4(m) via the *Pioneer-Briones* test). The *Pioneer-Briones* test is as follows:

> [T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-1224 (9th Cir.2000).

Here, all but the last factor call for a finding of no excusable neglect. In Plaintiff's favor, there appears no reason to conclude that Plaintiff has acted in bad faith, as opposed to simply being dilatory. However, this case is already over a year old, the time for service expired almost 9 months ago, and the case is nearing completion, with the extended discovery and motions deadlines about to expire. (*See* Order 7/18/11.) Plaintiff's fitful attempts at naming and pursuing service on this defendant do not demonstrate diligence, nor provide sufficient reason to explain the extent of the delay. Rather, much of the delay is attributable to simple neglect. Prejudice to the opposing parties would result from the 11th hour addition of a new defendant, on a separate claim not being litigated by the other parties. Prejudice to the new defendant would mirror the prejudice to the existing defendants, whose cases would be ready to proceed to dispositive motion and/or trial by the time a new defendant were added and served.

Under these circumstances, the undersigned finds no excusable neglect and concludes that the Court should not exercise its discretion to permit delinquent service.

**IT IS THEREFORE RECOMMENDED** that Defendant Unknown ICE Official be **DISMISSED WITHOUT PREJUDICE**, pursuant to Rule 4(m), Federal Rules of Civil Procedure, for failure to effect timely service.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: August 23, 2011

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\10-0986-055r RR 11 08 23 re Dismiss Unserved Def.wpd